UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DIANA LUNDELL, | )<br>)<br>) |
| Plaintiff | )<br>) |
| vs. | ) CAUSE NO. 3:10-CV-13 RM<br>) |
| LaPORTE REGIONAL PHYSICIAN NETWORK, | )<br>)<br>)<br>) |
| Defendant | ) |

OPINION and ORDER

This cause is before the court on the motion of LaPorte Regional Physician Network to dismiss Count 2 of Diana Lundell's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) because Ms. Lundell's retaliation claim is beyond the scope of the charge she filed with the Equal Employment Opportunity Commission and pursuant to Federal Rule of Civil Procedure 8(a)(2) because the allegations of Count 2 don't meet that Rule's pleading requirements. Ms. Lundell has filed her response, and the Physician Network its reply. For the following reasons, the court GRANTS the motion.

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of complaints that state no actionable claim. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide grounds of [her] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will

not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations and citations omitted). "[I]t is not enough for a complaint to avoid foreclosing possible bases for relief; it must actually suggest that the plaintiff has a right to relief by providing allegations that 'raise a right to relief above the speculative level.'" E.E.O.C. v. Concentra Healther Servs., Inc., 496 F.3d 773, 777 (7th Cir. 2007) (*quoting* Bell Atlantic Corp. v. Twombly, 550 U.S. at 555). The issue on a Rule 12(b)(6) motion, then, is "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Caremark, Inc. v. Coram Healthcare Corp., 113 F.3d 645, 648 (7th Cir. 1997) (*quoting* Scheuer v. Rhodes, 416 U.S. at 236).

Physician Network first argues that the retaliation claim in Count 2 of the complaint is beyond the scope of Ms. Lundell's EEOC charge. An EEOC charge needn't contain each and every fact that forms the basis of the claims, but there must be "a reasonable relationship between the allegations in the charge and those in the complaint, and the claim in the complaint could reasonably be expected to be discovered in the course of the EEOC's investigation." Teal v. Potter, 559 F.3d 687, 691 (7th Cir. 2009); *see also* Haugerud v. Amery School Dist., 259 F.3d 678, 689 (7th Cir. 2001) ("[A] Title VII plaintiff may bring only those claims that were included in her EEOC charge, or that are like or reasonably related to the allegations of the charge and growing out of such allegations."); Rush v. McDonald's Corp., 966 F.2d 1104, 1110 (7th Cir. 1992) ("An aggrieved employee may not complain to the EEOC of only certain instances of

2

discrimination and then seek judicial relief for different instances of discrimination."). "[A]llowing a complaint to encompass allegations outside the ambit of the predicate EEOC charge would frustrate the EEOC's investigatory and conciliatory role, as well as deprive the charged party of notice of the charge." Cheek v. Western & Southern Life Ins. Co., 31 F.3d 497, 500 (7th Cir. 1994).

Ms. Lundell maintains she properly presented her retaliation claim to the EEOC: she says she checked the box on the EEOC form designating that she was claiming "retaliation" and stated on the form that she "suffered adverse employment actions including, but not limited to, retaliation." She concludes that the claim for Title VII retaliation included in her EEOC charge was sufficient to put Physician Network on notice of her intent to pursue a Title VII retaliation claim.

Ms. Lundell's EEOC charge contains the following statement relating to retaliation:

> Also, I complained to my employer of HIPPA violations that I observed. About September or October 2007 I began complaining of HIPPA violations. After complaining I suffered adverse employment actions including, but not limited to, retaliation and discharge from employment. I believe such retaliation and adverse employment actions were taken against me because I reported, objected to, complained about and asked my employer to correct the HIPPA violations I observed.

Her claim, though, contains no mention of any action in violation of Title VII. Title VII makes it unlawful for an employer to discriminate against an employee

because the employee "has opposed any practice made an unlawful employment practice under Title VII," such as discrimination on the basis of race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-3(a). Ms. Lundell's reporting of and objecting to HIPPA violations doesn't bring her speech within Title VII's retaliation protections. *See* Nair v. Nicholson, 464 F.3d 766, 769 (7th Cir. 2006) ("the motive must be to retaliate for activity protected by Title VII"); Hamner v. St. Vincent Hosp. and Health Care Center, Inc., 224 F.3d 701, 707 (7th Cir. 2000) ("If a plaintiff opposed conduct that was not proscribed by Title VII, no matter how frequent or severe, then his sincere belief that he opposed an unlawful practice cannot be reasonable.").

Ms. Lundell's EEOC charge doesn't contain a claim for retaliation based on her opposition to a practice made unlawful by Title VII, *see* Tomanovich v. City of Indianapolis, 457 F.3d 656, 663 (7th Cir. 2006) ("Merely complaining . . . without indicating a connection to a protected class [under Title VII] or providing facts sufficient to create that inference is insufficient."), and Ms. Lundell hasn't shown that there is a "reasonable relationship" between the allegations of her EEOC charge and those in contained in Count 2 of her complaint. Teal v. Potter, 559 F.3d at 692. Thus, the EEOC received no notice of a retaliation claim under Title VII that would have alerted the agency to investigate, conciliate, and notify Physician Network of such a claim. *See* Teal v. Potter, 559 F.3d at 691 (requirement of including all claims in EEOC charge promotes "resolution of the

dispute by settlement or conciliation and [ensures] that the sued employers receive adequate notice of the charges against them").

Based on the foregoing, the court concludes that Ms. Lundell's retaliation claim is beyond the scope of her EEOC charge, making consideration of Physician Network's further argument for dismissal under Federal Rule of Civil Procedure 8(a)(2) unnecessary. The motion of Physician Network's to dismiss Count 2 of Ms. Lundell's complaint [docket # 8] is GRANTED.

SO ORDERED.

ENTERED:   March 22, 2010

 /s/ Robert L. Miller, Jr.
Judge
United States District Court