UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DIANA LUNDELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | No. 3:10-CV-013-JD |
| ) | |
| LAPORTE REGIONAL, ) | |
| PHYSICIAN NETWORK, INC. ) | |
| w/s/a LAPORTE REGIONAL ) | |
| PHYSICIAN NETWORK, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Plaintiff, Diana Lundell ("Lundell"), filed a complaint against Defendant LaPorte Regional Physician Network, Inc. ("LRPN") [DE 1]. Lundell alleged a violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq*. (Count 1), retaliation under Title VII of the Civil Rights Act of 1964 (Count 2), a state law violation under Indiana's False Claims and Whistleblower Act ("FCWA") (Count 3), I.C. 5-11-5.5 *et seq.*, and a vague claim for wrongful or constructive discharge "contrary to the Constitution of Indiana, the public policy of this state, and/or other state and federal statutes" (Count 4) [DE 1]. Lundell's Title VII claim for retaliation (Count 2) has since been dismissed by this Court on procedural grounds because it went beyond the scope of Lundell's EEOC charge [DE 21].

Now before the Court is LRPN's Motion for Summary Judgment on all claims asserted by Lundell [DE 57], to which Lundell responded [DE 61] and LRPN replied [DE 67], making the matter ripe. In Lundell's response brief in opposition to Defendant's summary judgment motion, Lundell opted to voluntarily dismiss any ADEA claim [DE

61 at 24], and for this reason, Lundell's ADEA claim is voluntarily dismissed (Count 1). Thus, the remaining claims left for consideration are Counts 3 and 4. Upon the Court's request [DE 68], Lundell's counsel clarified that Counts 3 and 4 consist of state law claims for "violation/retaliation under Indiana Codes § 12-15-27, § 16-39-2 and § 5-11-5.5 *et seq*.," and a federal claim for "violation/retaliation" pursuant to the Health Insurance Portability and Accountability Act, 42 U.S.C. § 1320d *et seq*. ("HIPAA").[1] [DE 69].

For the following reasons, Defendant's Motion for Summary Judgment is GRANTED in part relative to the only remaining federal claim, and the Court declines to exercise supplemental jurisdiction over the remaining state law claims and REMANDS the case to the LaPorte Superior Court.

**Factual Background**

Lundell first worked at LaPorte Hospital from 1991 to 1995 as a medical records manager [DE 62-1 at 16-17]. She pursued other career opportunities, but eventually returned to LRPN as a billing manager in 2000 and was tasked with supervising a staff of twelve and overseeing the billing process at LRPN. *Id*. at 17, 38-39.

In 2007, Lundell raised a concern to various LRPN representatives regarding what she though was improper Medicaid billing. *Id*. at 99-102. Lundell also claims that she expressed her "profound concern" that patient psychiatric medical records were being relocated in violation of the law and without patient notification, and that she objected to the relocation of the files to LRPN personnel. *Id*. at 108-13.

---

[1] The clarification provided by Plaintiff's counsel makes clear that no other federal claim is pending, including any claim pursuant to Title VII [DE 69].

While working for LRPN, Lundell claims that she performed her job satisfactorily [DE 61 at 21], however, LRPN would disagree [DE 58 at 5-8; DE 62-2 at 100-01]. In April 2008, Rhonda Volk notified Lundell that she was being demoted from her position as a billing manager [DE 62-2 at 106]. Upon conclusion of this meeting, Lundell made a statement to Volk about the cars on the road and the danger of being struck [DE 62-1 at 162-63; DE 62-2 at 101-05]. Both, Lundell and Volk, reported their version of the incident to Connie Ford, and Ford perceived Lundell's statement as a serious threat to Volk's safety [DE 62-3 at 37-39]. Shortly thereafter, Lundell was terminated from her job at LRPN. *Id.* at 39, 81-88.

Lundell maintains that LRPN demoted and then discharged her for complaining about and failing to advance LRPN's unlawful activities relative to billing and the handling of patient records [DE 1 at 9-13]. Lundell confirms that her claims are brought pursuant to Indiana law, but she also includes a claim under HIPAA and its attendant regulations [DE 69].

## Standard of Review

On summary judgment, the burden is on the moving party to demonstrate that there "is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). That means that the Court must construe all facts in the light most favorable to the nonmoving party, making every legitimate inference and resolving every doubt in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Kerri v. Bd. of Trs. of Purdue Univ.*, 458 F.3d 620, 628 (7th Cir. 2006). Summary judgment is not a tool to decide legitimately contested issues, and it may

not be granted unless no reasonable jury could decide in favor of the nonmoving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying" the evidence which "demonstrate[s] the absence of [a] genuine issue of material fact." *Id.* at 323. Once the moving party meets this burden, the nonmoving party may not rest on allegations or denials in its own pleading, but must set out specific facts showing a genuine issue for trial. Fed. R. Civ. P. 56(c)(1); *Beard v. Whitley County REMC*, 840 F.2d 405, 410 (7th Cir. 1988). The disputed facts must be *material*, which means that they "might affect the outcome of the suit under the governing law." *Brown v. City of Lafayette*, No. 4:08-CV-69, 2010 WL 1570805, at *2 (N.D. Ind. Apr. 16, 2010).

## Analysis

Lundell claims that LRPN violated HIPAA and various state laws because she was demoted and discharged from her job as a result of her failure to advance LRPN's alleged unlawful activity. The Court will first resolve Lundell's federal claim under HIPAA for violation/retaliation, and then consider whether it is appropriate to exercise its discretion to retain jurisdiction over any remaining state law claims.

A. *Violation of 42 U.S.C. § 1320d et seq. and 45 C.F.R. § 164 et seq.*

Lundell asserts that her only federal claim remaining, a claim for which Lundell notes LRPN seeks summary judgment [DE 69 at 2], is that LRPN violated HIPAA and retaliated against her for complaining about LRPN's alleged unlawful conduct, which

4

constituted a violation of 45 C.F.R. § 164 *et seq.* *See* 45 C.F.R. §§ 160.316 164.530(g)(2).

HIPAA provides both civil and criminal penalties for improper disclosures of medical information; however, HIPAA limits enforcement of the statute to the Secretary of Health and Human Services and the Attorney General of a state. 42 U.S.C. §§ 1320d-5, d-6. It appears that every court that has considered the issue of whether HIPAA creates a private cause of action has concluded it does not.[2] *Dodd v. Jones,* 623 F.3d 563, 569 (8th Cir. 2010) (finding that HIPAA does not create a private right of action); *Seaton v. Mayberg,* 610 F.3d 530, 533 (9th Cir. 2010) (same); *Wilkerson v. Shinseki,* 606 F.3d 1256, 1267 n.4 (10th Cir. 2010) (same); *Miller v. Nichols*, 586 F.3d 53, 59 (1st Cir. 2009); *Acara v. Banks,* 470 F.3d 569, 572 (5th Cir. 2006) (citing cases and holding "there is no private cause of action under HIPAA"); *see Carpenter v. Phillips,* 419 Fed.Appx. 658, 659 (7th Cir. 2011) ("HIPAA does not furnish a private right of action."); *Canty v. Walgreens Co.*, No. 2:11-CV-232-JVB, 2012 WL 1066765, *2 (N.D. Ind. Mar. 28, 2012) ("[a]lthough the allegations in Plaintiff's complaint are not clear concerning the specifics of the claim, Plaintiff asserts, in passing, that Defendants violated her HIPAA rights . . . [h]owever, HIPAA does not create a private cause of action."); *Litterly v. Springfield Clinic*, No. 11-3352, 2012 WL 764435, *1 (C.D. Ill. Mar. 8, 2012); *see also Scales v. Talladega County Dep't of Human Res.,* No. 1:12-CV-922-VEH, 2012 WL 3775837, *9 (N.D. Ala. Aug. 27, 2012); *Baum v. Keystone Mercy Health Plan*, 826 F.Supp.2d 718,

---

[2]Although *Clark v. Arkansas Health Group,* 2009 WL 763547 *6 (E.D. Ark. Mar. 19, 2009) analyzed a claim of retaliation for reporting a HIPAA violation under the *McDonnell Douglas* burden-shifting analysis, the Court did not discuss whether a private right of action actually existed.

721 (E.D. Pa. 2011); *Burton v. Rite Aid Pharm.*, No. 10-186-JJF-MPT, 2010 WL 1924478, *2-3 (D. Del. May 12, 2010). Further, 45 C.F.R. § 164.530(g)(2) was promulgated pursuant to HIPAA, and therefore there is also no implied right of action under this regulation. *See Gaul v. Hughes Pharm. Servs.*, No. C04-2088-LRR, 2005 WL 1491216, *3 (N.D. Iowa June 23, 2005) (citing cases). To enforce a federal law, Congress must create a private right of action, *see Alexander v. Sandoval*, 532 U.S. 275, 286 (2001), which in accordance with various other courts who have considered the issue, it did not do with respect to HIPAA. As a result, LRPN is entitled to summary judgment on Lundell's claim under HIPAA.

The Court would note that retaliation claims have been construed as not arising under HIPAA, but rather as wrongful discharge claims in violation of state law. *See e.g., Kusgen v. Lake Reg'l Health Sys.*, No. 2:11-CV-4255-FJG, 2012 WL 2119975, *2 (W.D. Mo. June 11, 2012) (plaintiff alleged she was fired for reporting a HIPAA violation and Court construed claim as wrongful discharge under state law). In fact, Lundell asserts separate and independent claims under Indiana law, to which the Court now turns.

B. *Supplemental Jurisdiction*

Lundell claims that LRPN violated I.C. § 5-11-5.5-2 by presenting false claims to the state for payment concerning certain LRPN Medicaid recipients and that LRPN violated I.C. §§ 12-15-27 and 16-39-2 relative to the handling of medical records- then wrongfully demoted and terminated her employment because she complained about LRPN's alleged unlawful conduct (Counts 3 and 4). *See Baker v. Tremco, Inc.,* 917 N.E.2d 650, 654 (Ind. 2009) ("firing an employee for refusing to commit an illegal act for

6

which [she] would be personally liable is as much of a violation of public policy declared by the legislature as firing an employee for filing a workmen's compensation claim.") (citation omitted).

Had these claims been the sole basis for Lundell's initial complaint, the case could not have been removed to federal court in the first place. Now, having resolved the claims over which this Court had original jurisdiction, the Court must decide whether to remand the remaining state claims to the LaPorte Superior Court, pursuant to 28 U.S.C. § 1367(c)(3). *See Bean v. Wis. Bell, Inc.*, 366 F.3d 451, 456 (7th Cir. 2004); *Kennedy v. Schoenberg, Fisher & Newman, Ltd.*, 140 F.3d 716, 727-28 (7th Cir. 1998).

A district court has discretion in determining whether to retain or remand such remaining state law claims, known as "pendent" claims, based upon the principles of economy, convenience, fairness, and comity which underlie the pendent jurisdiction doctrine. *Cadleway Props., Inc. v. Ossian State Bank,* 478 F.3d 767, 770 (7th Cir. 2007) (noting that even after the enactment of § 1367, the factors are applicable today) (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343 (1988)).  District courts do not exercise this discretion without guidance, as the Seventh Circuit has repeatedly emphasized that, "when all federal claims are dismissed before trial, the district court should relinquish jurisdiction over pendent state-law claims rather than resolving them on the merits." *Wright v. Associated Ins. Cos., Inc.*, 29 F.3d 1244, 1251 (7th Cir. 1994). The presumption is rebuttable, "but it should not be lightly abandoned, as it is based on a legitimate and substantial concern with minimizing federal intrusion into areas of purely state law." *RWJ Mgmt. Co., Inc. v. BP Prods. N. Am., Inc.*, 672 F.3d 476, 479 (7th Cir. 2012)

(citations omitted). This presumption is also subject to three exceptions, namely when: (1) the statute of limitations has run on the pendent claim, precluding the filing of a separate suit in state court; (2) substantial judicial resources have already been committed, so that sending the case to another court will cause a substantial duplication of effort; or (3) it is absolutely clear how the pendent claims can be decided. *Id.*

None of these exceptions apply in this case and the presumption in favor of remand has not been rebutted. To the extent that the applicable statutes of limitations have run on any of Lundell's state law claims, remanding these claims to state court (rather than dismissing them outright) obviates any need to file a new action potentially subject to statute of limitations concerns. And while the parties have engaged in discovery in this forum, these efforts need not be duplicated because the record survives remand. Moreover, all federal claims were dismissed without delving into the voluminous substantive facts of this case. At this point, the burden of the state law claims would be the same for a federal as for a state court. And although LRPN would disagree [DE 67 at 10-16], the Court cannot say that it is absolutely clear how the Indiana claims should be decided. Lundell is alleging various violations of Indiana law and protesting that materially disputed facts are at issue. Lundell has not been provided any opportunity to respond to LRPN's arguments posed in its reply brief that Lundell cannot personally maintain an action under the FCWA, or that her FCWA claim should be dismissed simply because the Title VII retaliation claim was also dismissed [DE 67 at 10-13]. In addition, whether or not LRPN's reason for Lundell's demotion and/or termination constitutes pretext, is unclear given that this Court has not needed to provide

8

an in depth analysis of the various exhibits and facts of this case in order to simply determine that no federal claim exists. Difficult questions of fact and state law remain which have yet to be fully briefed and the case may ultimately necessitate a trial. This Court finds it appropriate to permit the state court to interpret and apply its own laws to resolve this suit between two Indiana citizens. *See e.g., U.S. ex rel. Paris v. Trs. of Ind. Univ.*, No. 1:11-cv-01029-JMS-DKL, 2012 WL 2376088, *2 (S.D. Ind. June 22, 2012) ("the Court notes that relinquishing jurisdiction over a disputed state-law claim comports with the expectation of the Eleventh Amendment that state-law claims against a state will be heard in state court, if at all.").

As a result, the Court finds that the factors of economy, convenience, fairness, and comity here counsel in favor of remanding Lundell's state law claims to state court.

## Conclusion

For the foregoing reasons, the Court **GRANTS IN PART** LRPN's Motion for Summary Judgment [DE 57] relative to Lundell's federal claim brought pursuant to HIPAA and notes that the ADEA claim has been voluntarily withdrawn. With all federal claims dismissed, the Court **REMANDS** the remaining state law claims to LaPorte Superior Court for adjudication.

SO ORDERED.

ENTERED: February 20, 2013

/s/ JON E. DEGUILIO
Judge
United States District Court